FRANK FALZETTA, Cal. Bar No. 125146
SCOTT SVESLOSKY, Cal. Bar No. 217660
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398
Email       ffalzetta@sheppardmullin.com
            ssveslosky@sheppardmullin.com

JEFFREY N. GESELL, Cal. Bar No. 200174
WILLIAM S. HOANG, Cal. Bar No. 269791
JONES TURNER, LLP
2 Venture, Suite 220
Irvine, California 92618
Telephone:  949-435-4100                    NOTE: CHANGES MADE BY THE COURT
Facsimile:   949-435-4105
Email:      jgesell@jonesturner.com
            whoang@jonesturner.com

Attorneys for Plaintiff and Counter-Defendant,
WEST AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEST AMERICAN INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>      v.<br><br>U.S.P. FURNITURE CORP.,<br><br>        Defendant.<br>_____<br>AND RELATED COUNTERCLAIM<br>AND THIRD-PARTY CLAIM | Case No. 2:19-cv-08413 RGK-JPRx<br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**<br><br>PTC: October 19, 2020<br>Trial Date: November 3, 2020 |

Plaintiff and counter-defendant (West American Insurance Company),

defendant, counterclaimant and third-party plaintiff (U.S.P. Furniture Corp.), and

third-party defendant (Heights Insurance Group, Inc. d/b/a KCAL Insurance

Agency), by and through their counsel of record, and pursuant to Rules 26(c) and

29(b) of the Federal Rules of Civil Procedure and Local Rule 7-1, hereby agree and stipulate, as follows:

## I.

## GOOD CAUSE EXISTS TO ENTER THIS PROTECTIVE ORDER

**A.    Brief Statement of Facts**

On September 30, 2019, West American Insurance Company ("West American") filed a Complaint for Declaratory Relief against U.S.P. Furniture Corp. ("U.S.P."). West American seeks a declaratory judgment from the Court that West American properly rescinded a commercial general liability policy issued to U.S.P. On November 15, 2019, U.S.P. filed an Answer and Counterclaim against West American. U.S.P. contends that West American breached the policy and acted in bad faith during its claims handling and investigative process, and when it rescinded the policy and denied U.S.P.'s insurance claim. On December 6, 2019, U.S.P. filed a Third-Party Complaint against third-party defendant Heights Insurance Group, Inc. d/b/a KCAL Insurance Agency ("KCAL"). U.S.P. contends that KCAL breached an oral contract and acted negligently when it purportedly failed to include all material information in the insurance application submitted on U.S.P.'s behalf. KCAL denies that it did anything wrong and contends that it provided all information acquired from U.S.P. to West American.

The parties have recently commenced discovery and believe there is now a need for a protective order in the case, as described in detail below.

On February 10, 2020, counsel for the parties spoke telephonically pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Scheduling Order. (Declaration of Scott Sveslosky "Sveslosky Decl." ¶ 2). The purpose of the discussions was to, among other things, plan for discovery and prepare the Joint Case Management Statement required by Rule 26(f) and the Scheduling Order. (*Id*.). During the conversations, U.S.P.'s counsel said that he would request a

number of documents in discovery from West American, including West American's underwriting files, guidelines and related materials. (*Id.*).  West American's counsel responded that such materials contain confidential and proprietary business information, and offered to prepare a proposed protective order that the parties could submit to the Court in an effort to preserve the confidential nature of the documents and other materials that may be exchanged in discovery between the parties. (*Id.*).

On March 12, 2020, U.S.P. propounded its First Demand for Production of Documents to West American ("Demand").  (Sveslosky Decl. ¶3).  The Demand requests that West American produce, among other things, its (1) underwriting file for U.S.P., and (2) the guidelines provided to its agent, KCAL.

The parties agree that the requested documents contain confidential and proprietary information that should be protected from disclosure outside this litigation.

THEREFORE, in order to facilitate any future production of internal documents deemed confidential, proprietary or trade secrets, the parties submit this proposed Protective Order.

**B.** **Good Cause Exists for the Court to Issue a Protective Order to Protect Proprietary, Confidential, Business-Sensitive Information**

The parties seek only to limit, but not prevent, the disclosure of proprietary and competitively-sensitive business information.  Federal Rule of Civil Procedure 26(c)(1)(G) specifically authorizes issuance of a protective order concerning the disclosure of trade secrets or other confidential information.  Fed. R. Civ. Proc. 26(c)(1)(G).  A protective order may be issued upon a showing of good cause. *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.,* 242 FRD 552, 555, fn. 4 (C.D. Cal. 2007).  Courts generally require parties seeking a protective order to show a particular and specific need for the protection and a showing of serious harm either

to business or non-business interests. *Id.*; *see also In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 101 F.R.D. 34, 41 n.7 (C.D. Cal. 1984) (holding that "Rule [26(c)(1)(G)] provides that upon a showing of good cause, a court may order that trade secrets, confidential research or other commercial information produced during discovery be protected from public disclosure" and that the "good cause requirement is met by a showing that disclosure will work a clearly defined, specific and serious injury").

During discovery, U.S.P. has asked for West American's underwriting file documents relating to the U.S.P. account. (Sveslosky Decl. ¶¶ 2-3). West American's underwriting file for the U.S.P. account contains confidential and proprietary information pertaining. (Declaration of Matthew Paulsen "Paulsen Decl."¶ ¶ 2-3). For example, the underwriting file contains a wide variety of confidential business information pertaining to West American's pricing models and calculations, account strategy, and other confidential and proprietary materials that reflect how West American priced and underwrote the U.S.P. account. (*Id.*). If West American's pricing models and other proprietary information contained in its underwriting file was produced in this litigation without a Protective Order, West American believes that it will be put at a serious competitive disadvantage. (*Id.*). West American's competitors could attempt to use its pricing models and other proprietary business information to lure away current and potential future customers. (*Id.*).

In an effort to resolve any potential discovery dispute and to accommodate each party's competing needs, *i.e.*, U.S.P.'s need for information versus West American's need to keep its competitively-sensitive information confidential, the parties agreed to seek a protective order.

## II.
## STIPULATED PROTECTIVE ORDER

The Parties, by and through their respective counsel, hereby stipulate and agree that, in order to facilitate the discovery process, any underwriting file materials, guidelines, and related information ("Confidential Information"), if produced, shall be protected according to the following terms and conditions:

1.      West American will mark or stamp Confidential Information with an appropriate designation indicating its determination that the document(s) or information should be subject to this Stipulated Protective Order or, in the case of deposition testimony, indicate on the record that such testimony contains Confidential Information and direct the court reporter to mark or stamp the cover of such transcript with an appropriate designation indicating that it is subject to this Stipulated Protective Order.  If any Confidential Information is used or given during the course of a deposition, that portion of the deposition transcript shall be sealed and stamped confidential, and access thereto shall be limited pursuant to the other terms of this Stipulated Protective Order.

2.      Any Confidential Information or deposition transcript, or any part thereof, so designated shall not be used by any party or their counsel, or given by any party or their counsel to any third party for use in any business or commercial purpose or any other administrative or judicial proceeding, and the use of such documents and information shall be limited to the preparation and trial of the above-entitled action, including discovery, and any and all appeals and/or retrials.

3.      All documents, discovery responses or deposition transcripts designated as containing Confidential Information may be disclosed only to:

a.     Counsel for the parties hereto, and clerks, legal assistants, secretaries, paralegals, investigators, and other persons or entities retained by counsel to provide litigation-related services and the employees of said persons or entities;

b.     Experts, consultants and other independent contractors retained or employed by counsel to consult with, advise or assist counsel in the preparation or trial of this case;

c.     Representatives of the parties hereto who are responsible for assisting counsel in the preparation or trial of this case;

d.     Persons who are being prepared by counsel to give testimony at a deposition or at trial, or who are being examined by counsel at a deposition and/or

e.     Court personnel, including the judge, court reporters and clerks engaged in proceedings necessary to the preparation for trial or the actual trial of this matter.

4.     If, at any time during the pendency of this action consistent with the Court's scheduling order, counsel for any party wishes to challenge another party's designation of documents or discovery responses as containing Confidential Information, and exclude such documents and discovery responses from the provisions of this Stipulated Protective Order, the party may proceed in compliance with Local Rule 37.  The parties shall first meet and confer to resolve informally any disputes concerning this Stipulated Protective Order before bringing any such motion or application before the Court.  If the Court finds it appropriate, the Court

may examine the designated material or hear the designated testimony *in camera*. The parties are not obligated to challenge the propriety of the confidential designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

5.     With the exception of the persons identified in paragraph 3(a) and (e) above, the parties shall take appropriate measures to ensure that all persons permitted access to such documents under paragraph 3 of this Stipulated Protective Order shall agree, prior to reviewing such documents, to be bound by the terms and conditions hereof with respect to the use of such documents, and such persons shall sign the agreement attached hereto as Exhibit "A."

6.     All documents designated as containing Confidential Information shall be kept in secure facilities.  Access to those facilities shall be permitted only to those designated persons set forth in paragraph 3 of this Stipulated Protective Order as properly having access thereto.

7.     All documents, including deposition transcripts, containing Confidential Information which are filed or lodged with the Court, shall be filed or lodged in accordance with Local Rule 79-5, in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the notation "DOCUMENT[S] SUBMITTED UNDER SEAL," and a statement substantially in the following form:

"This envelope is sealed and contains confidential
information filed [or lodged] in this case by [name of
party] and is not to be opened or the contents thereof

displayed or revealed except by order of the court or

pursuant to stipulation of the parties to this action."

The envelope or container shall not be opened without order of the Court except by officers of the Court and counsel of record who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

8.    If a party files any documents or deposition testimony containing Confidential Information with the Court, it shall indicate to the Court on filing what portion(s) thereof are subject to this Stipulated Protective Order, and that the pretrial presentation of such Confidential Information shall be filed under seal.

9.    The parties shall not offer Confidential Information as evidence for any discovery-related proceeding in this action unless under appropriate court order protecting its confidentiality.  If either party submits Confidential Information to the Court, the submission must be made in accordance and compliance with the other provisions contained in this Stipulated Protective Order.

10.    Nothing in this order shall prevent counsel for the parties from referencing in support of oral or written legal arguments documents, deposition testimony or other information designated as containing Confidential Information pursuant to this Stipulated Protective Order, provided that such references do not contain quoted material from such confidential materials and, if such confidential materials are submitted to the court, such submission is made in accordance and compliance with the other provisions contained in this Stipulated Protective Order.

11.    Prior to the trial of this action, counsel for the parties shall meet and confer, and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded any Confidential

1   Information which may be disclosed during the course of trial.  This order does not

2   cover the use of confidential information at trial.

3

4          12.     Upon the final termination of this litigation, counsel for each

5   party shall return to the other party all materials which have been designated as

6   containing Confidential Information, and shall destroy all copies which have been

7   made of, or documents prepared from such Confidential Information, and shall

8   provide counsel (upon request) with a written statement that such documents were

9   destroyed pursuant to this Stipulated Protective Order.  Attorney-client

10  communications, and internal memoranda subject to the attorney work product

11  doctrine, which contain Confidential Information do not need to be destroyed, but

12  shall be secured in a manner so as to protect against inadvertent disclosure, shall be

13  kept strictly confidential, and shall remain subject to this Stipulated Protective

14  Order.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| 1 | DATED:  April 17, 2020 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| 2 | | |
| 3 | | |
| 4 | | By:    _/s/ Scott Sveslosky_ |
| 5 | | FRANK FALZETTA |
| | | SCOTT SVESLOSKY |
| 6 | | Attorneys for Plaintiff and Counter-Defendant |
| | | WEST AMERICAN INSURANCE COMPANY |
| 7 | DATED:  April 17, 2020 | JONES TURNER LLP |
| 8 | | |
| 9 | | |
| 10 | | By:    _/s/ Jeff Gesell_ |
| 11 | | JEFF N. GESELL |
| 12 | | WILLIAM S. HOANG |
| | | Attorneys for Plaintiff and Counter-Defendant |
| 13 | | WEST AMERICAN INSURANCE COMPANY |
| 14 | DATED:  April 17, 2020 | CASTLETON LAW GROUP |
| 15 | | |
| 16 | | |
| 17 | | By:    _/s/ James B. Green_ |
| 18 | | JAMES B. GREEN |
| | | Attorneys for Defendant, Counterclaimant and |
| 19 | | Third-Party Plaintiff |
| 20 | | U.S.P. FURNITURE CORP. |
| | DATED:  April 17, 2020 | MULCAHY LLP |
| 21 | | |
| 22 | | |
| 23 | | By:    _/s/ Martin Deniston_ |
| 24 | | MARTIN K. DENISTON |
| 25 | | Attorneys for Third-Party Defendant |
| | | HEIGHTS INSURANCE GROUP INC. |
| 26 | | D/B/A KCAL INSURANCE AGENCY |
| 27 | | |
| 28 | | |

STIPULATION FOR ENTRY OF PROTECTIVE ORDER

1       The Court, having read the foregoing Stipulation and good cause appearing
2   therefore, enters a Protective Order according to the above-terms.
3
4   IT IS SO ORDERED:
5
6   Date: 4/24/2020
7   _____
                                              _____
                                             U.S. Magistrate Judge
8                                                Jean P. Rosenbluth
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SMRH:4852-8267-7691.1   STIPULATION FOR ENTRY OF PROTECTIVE ORDER

1

## **ATTESTATION**

2        Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories

3  listed above, and on whose behalf this filing is submitted, concur in the filing's

4  content and have authorized the filing.

5        Executed this 17th day of April, 2020 at Los Angeles, California.

6

7

8                                   */s/ Scott Sveslosky*

                                     SCOTT SVESLOSKY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

3

UNITED STATES DISTRICT COURT

4

CENTRAL DISTRICT OF CALIFORNIA

5

6

WEST AMERICAN INSURANCE             Case No. 2:19-cv-08413 RGK-JPRx
COMPANY,

7

          Plaintiff,

8

      v.                                    DECLARATION OF ____
CONFIRMING COMPLIANCE WITH
PROTECTIVE ORDER

9

U.S.P. FURNITURE CORP.,

10

         Defendant.

11

12

13

_____

AND RELATED COUNTERCLAIM
14  AND THIRD-PARTY CLAIM

15

16       I, _____, declare the following:

17       1.    I have read and I understand the Stipulated Protective Order

18  entered in <u>West American Insurance Company v. U.S.P. Furniture Corp.</u>, United

    States District Court, Central District of California, Case No. 2:19-cv-08413 RGK-
19
    JPRx, and I agree to be bound by its terms.
20

21

22       2.    In addition, I consent to the jurisdiction of the Central District

23  Court of California with respect to any actions of any kind whatsoever relative to the

    enforcement of the Stipulated Protective Order, recognizing that in doing so I
24
    subject myself to the full powers of that Court, including the power of imposing
25
    sanctions for contempt.
26

27

28

-13-

3.    My address is :    _____

_____

_____

4.    My telephone number is: _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2020, at _____, State of _____.

_____

By:_____

                  STIPULATION FOR ENTRY OF PROTECTIVE ORDER